Francis A. ZARRO Jr., Plaintiff–
Appellant,

v.

Eliot **SPITZER**, Eric Dinallo, Town of Colonie Police Department, Scott Anderson, Rebecca Mullane, Rhonda Lustman, Richard Friedman, John Se-

galla, Malcolm Taub, Keeler Motor Cars, Inc., Sandy Keeler, Tom Tureen, Think About It Maine, Cornerstone Private Capital, Country Club Funding, A Detective in the Police Department in the Town, Defendants–Appellees,

Lester Dier, Reese Lasher, Keith Vinson, Joel Portnoy, Ian Gazes, John Doe, A Detective in the Police Department in the Town of Colonie, New York, Defendants.

No. 09–4349–cv.

United States Court of Appeals, Second Circuit.

Oct. 19, 2010.

Norman J. Voog; Law Offices of Norman J. Voog, L.L.C.; Ridgefield, CT, for Plaintiff–Appellant, Francis A. Zarro, Jr.

Sudarsana Srinvasan (Barbara D. Underwood, Solicitor General, Nancy A. Spiegel, Senior Assistant Solicitor General, and Frank Brady, Assistant Solicitor General of Counsel on the brief) for Andrew M. Cuomo, Attorney General of the State of New York, Albany, NY, for Defendants–Appellees, Eliot Spitzer, Eric Dinallo, Scott Anderson, Rebecca Mullane, Rhonda Lustman, and Richard Friedman.

Dana M. Boniewski (Edwin J. Tobin, Jr. on the brief), Maynard, O'Connor, Smith &

Catalinotto, LLP, Albany, NY, for Defendants–Appellees, Town of Colonie Police Department and John Doe, a Detective in the Police Department in the Town of Colonie, NY.

Malcolm S. Taub (J. Scott Greer, Lewis & Greer, P.C., Poughkeepsie, NY, on the brief), Malcolm S. Taub, LLP, New York, NY, for Defendants–Appellees, Malcolm Taub and John Segalla.

Melissa J. Smallacombe (Thomas J. Mortati on the brief), Burke, Scolamiero, Mortati & Hurd, LLP, Albany, NY, for Defendants–Appellees, Keeler Motor Car, Inc. and Sandy Keeler.

William A. Hurst, Greenberg Traurig, LLP, Albany, NY, for Defendants–Appellees, Think About It Maine and Thomas N. Tureen.

Shawn T. Nash, Napierski, Vandenburgh & Napierski, LLP, Albany, NY, for Defendants–Appellees, Cornerstone Private Capital, LLC and Country Club Funding, LLC.

PRESENT: JOSEPH M. McLAUGHLIN, PETER W. HALL, Circuit Judges, RICHARD M. BERMAN *, District Judge.

### SUMMARY ORDER

Plaintiff–Appellant raises numerous arguments on appeal from the district court's September 25, 2009 order dismissing his claims under Fed.R.Civ.P. 12(b)(6) against, *inter alia*, the former New York state attorney general, several current and former assistant attorneys general, the Town

---

* Richard M. Berman of United States District Court for the Southern District of New York, sitting by designation.

of Colonie, New York Police Department, Think About It Maine, and Country Club Funding. We assume the parties' familiarity with the facts, procedural history, and specific issues on appeal.[1]

After reviewing the issues on appeal and the record of proceedings below, we affirm for substantially the same reasons articulated by the district court in its thoughtful and well-reasoned order and opinion.[2]

Accordingly, the judgment of the district court is **AFFIRMED.**

**1.** Following briefing, Zarro filed a motion with this Court seeking to certify a number of issues to the New York Court of Appeals. Given our disposition of his appeal, set out below, his motion is denied as moot.

**2.** We pause, however, to slightly expand upon the district court's holding that many of Zarro's claims against the state attorney general defendants are barred by prosecutorial immunity. The district court correctly stated that Zarro's allegations that the defendants lacked jurisdiction to prosecute him under New York law are conclusory and "do not establish that his state prosecution was 'without any colorable claim of authority.'" *Zarro v. Spitzer*, 2009 WL 3165761, at *7 (N.D.N.Y. Sept.25, 2009) (quoting *Shmueli v. City of N.Y.*, 424 F.3d 231, 237 (2d Cir.2005)). We note, in addition, that these allegations are not merely conclusory; they also have been definitively rejected no less than four times by the New York state courts. *People v. Zarro*, 66 A.D.3d 1050, 1051, 887 N.Y.S.2d 663 (N.Y.App.Div. 2009), *mot. for leave to appeal denied*, 14 N.Y.3d 894, 903 N.Y.S.2d 783, 929 N.E.2d 1018 (N.Y.2010); *People v. Zarro*, Indictment No. 0023/2003, App. to Appellee's Br. 75–83 (N.Y.Sup.Ct. Oct. 27, 2009), *mot. for leave to appeal denied*, Mot. No.2009–11533, App. to Appellee's Br. 88 (N.Y.App.Div. Apr. 12, 2010); *People v. Zarro*, Indictment No. 0023/2003, App. to Appellee's Br. 43–50 (N.Y.Sup.Ct. Dec. 31, 2006), *mot. for leave to appeal denied*, 2007 N.Y. Slip Op. 71448(U), App. to Appellee's Br. 68 (N.Y.App. Div. June 12, 2007); *People v. Zarro*, Indictment No. 0023/2003, App. to Appellee's Br. 7–8 (N.Y.Sup.Ct. Jan. 27, 2003). Given this backdrop, it is incredible that Zarro would continue to insist that he was prosecuted in the *clear* absence of jurisdiction, as he must under this Court's precedent if his claim is to succeed. *See Shmueli*, 424 F.3d at 237 (quoting *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir.1987)).